IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STERLYN JONES, d/b/a STERLING FIRST AID CPR, | § § § | |
| Plaintiff, | § § | |
| | § | Case No. 3:26-cv-00193-G-BT |
| v. | § § | |
| TALLADEGA COLLEGE, | § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Talladega College moves under Rules 12(b)(2), (b)(3), and (b)(6) to dismiss this removed civil action for breach of contract. Mot. (ECF No. 5). As explained below, the District Judge should GRANT the motion under Rule 12(b)(2) because Defendant is not subject to general or specific personal jurisdiction in Texas.

## *Background*

*Pro se* Plaintiff Sterlyn Jones, a Texas citizen, allegedly contracted with Defendant to provide CPR training at Defendant's campus in Talladega, Alabama. Orig. Pet. ¶¶ 1, 5 (ECF No. 1-1); *id.* Ex. A ("CPR Campus Wide Training Agreement"). Defendant allegedly breached the contract, *id.* ¶¶ 7–8, 11, and Plaintiff filed this lawsuit in Dallas County, Texas, County Court at Law No. 3. Rem. Not. ¶ 10 (ECF No. 1). Defendant removed the action to federal court based on

diversity jurisdiction, *id.* ¶ 7, and then filed its motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.

Defendant argues that this Court lacks personal jurisdiction over it because Defendant has not purposefully availed itself of Texas and its alleged conduct occurred entirely in Alabama. Def.'s Br. at 3 (ECF No. 6). In response, Plaintiff argues the Court should deny the motion and exercise personal jurisdiction over Defendant because Defendant communicated with her and formed a business relationship with her while she was in Texas. Pl.'s Resp. at 4 (ECF No. 9); Pl.'s First Suppl. Resp. at 1 (ECF No. 11).[1] Plaintiff also requests "limited jurisdictional discovery" if the Court determines that she has not carried her burden of establishing personal jurisdiction over Defendant. Pl.'s Resp. at 4 (ECF No. 9).

---

[1] This Court's Local Rules for motion practice contemplate only (1) the motion itself; (2) the non-movant's response; and (3) the movant's reply. *See* N.D. Tex. Civ. R. 7.1. And "a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence." N.D. Tex. Civ. R. 56.7; *see also Barrack v. UNUM Am. Life Ins. Co.*, 409 F. Supp. 2d 782, 785 (N.D. Tex. 2006) (applying Local Rule 56.7 to motion to dismiss). "Sur[-]replies, and any other filing that serves the purpose or has the effect of a sur[-]reply" (e.g., Plaintiff's Supplemental Responses), "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Plaintiff's February 9, 2026; February 18, 2026; and February 18, 2026 submissions (ECF Nos. 11, 13, 14) are thus improper. Because the arguments presented in those submissions lack merit, the Court should—in the exercise of its discretion—not consider them.

### *Legal Standards[2]*

### *Personal Jurisdiction*

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the Court must determine whether (1) Defendant has established "minimum contacts" with the forum state, and (2) whether the exercise of personal jurisdiction over Defendant would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The first prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The nonresident

---

[2] The Court only provides the legal standard for a motion to dismiss under Rule 12(b)(2) because personal jurisdiction must be decided first, and the personal jurisdiction issue is dispositive in this case. *See LMC Prop., Inc. v. Prolink Roofing Sys., Inc.*, 2024 WL 4449421, at *5 (5th Cir. Oct. 9, 2024) (per curiam) ("We have also held that a motion to dismiss for lack of personal jurisdiction 'must be considered by the district court before other challenges, since the court must find jurisdiction before determining the validity of a claim.'").

3

defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (internal citations omitted).

"The 'minimum contacts' prong can be subdivided into contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction." *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n.9; *Marathon Oil Co.*, 182 F.3d at 295. In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987).

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). After a plaintiff makes a prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.

### *Jurisdictional Discovery*

To be entitled to jurisdictional discovery, a plaintiff must make a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005); *see Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) ("The party seeking discovery bears the burden of showing its necessity."). "[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (cleaned up) Plaintiff must set forth the facts she believes discovery would reveal and how those facts would support personal jurisdiction. *See id.*; *see also Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (McBryde, J.).

District courts have broad discretion in deciding whether to allow jurisdictional discovery. *Graff v. Owings Gallery, Inc.*, 2017 WL 2118346, at *6

(N.D. Tex. May 16, 2017) (Kinkeade, J.) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)). The Fifth Circuit has upheld a district court's denial of jurisdictional discovery when such discovery "could not have added any significant facts." *Wyatt*, 686 F.2d at 284 (quoting *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 447 (5th Cir. 1979)).

### *Analysis*

The Court should dismiss Plaintiff's claims against Defendant because Plaintiff has not carried her burden of establishing this Court's personal jurisdiction over Defendant. Further, because the lack of personal jurisdiction is clear, Plaintiff is not entitled to jurisdictional discovery.

Plaintiff argues that her claims arise from Defendant's contract-related dealings with her while she was in Texas, "including negotiations, communications, and coordination directed to and from Texas." Pl.'s Resp. at 4 (ECF No. 9). Although she does not include specific jurisdictional allegations in her original petition, in her submissions in response to Defendant's motion, she contends that "Defendant communicated with [her] while [she] was in Texas" and "[d]uring negotiations, the parties exchanged written program terms[.]" *Id*. at 2. Defendant also allegedly "repeatedly engaged Plaintiff in planning steps consistent with moving forward [with the contract], including scheduling discussions (including Zoom/virtual coordination), exchanging dates, and coordinating logistics in preparation for Plaintiff's arrival and performance in Alabama" and "agreed by email to proceed with the arrangement and represented that Defendant

6

would pay the agreed fee(s)" and provide Plaintiff with other support. *Id.* at 2. Plaintiff's breach of contract claim "arise[s] directly from Defendant's Texas-directed conduct, and the resulting economic harm was foreseeably felt in Texas." Pl.'s First Suppl. Resp. at 1 (ECF No. 11).

In the contract context, a defendant may be subject to specific jurisdiction if the defendant negotiates remotely with a resident of the forum state "over an extended period of time," travels to that state, and "the benefit[s] of the [contract] would be realized" in that state. *Liberty Bankers Life Ins. v. Lenhard*, 2018 WL 4026339, at *5 (N.D. Tex. Apr. 9, 2018) (Godbey, J.); *see also Burger King Corp.*, 471 U.S. at 479–80 (finding specific jurisdiction over a breach of contract claim where the contract provided for significant ongoing interaction with the plaintiff in the forum state). But "[a] plaintiff's . . . unilateral activities cannot establish minimum contacts between the defendant and forum state." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1028 (5th Cir. 1983)). And, while "[a] single act directed at the forum state can confer personal jurisdiction so long as that act gives rise to the claim asserted, . . . merely contracting with a resident of the forum state does not establish minimum contacts." *Id.*; *see also Conn Appliances, Inc. v. Williams*, 936 F.3d 345, 348 (5th Cir. 2019) ("Other than the fact that [the defendant] entered into a contract with a Texas entity, there is no evidence in the record that [the defendant] engaged with the Texas forum."). Similarly, merely negotiating a contract via the telephone with an entity located in the forum state

7

"is insufficient purposeful availment to establish [specific] jurisdiction[.]" *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 489 (5th Cir. 2018).

In this case, the parties' alleged communications and negotiations do not create sufficient minimum contacts for the Court to exercise specific jurisdiction over Plaintiff's breach-of-contract claims against Defendant. *See Conn Appliances, Inc.*, 936 F.3d at 348 (merely contracting with a Texas entity does not create specific jurisdiction); *Trois,* 882 F.3d at 489 (mere negotiations are insufficient); *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) ("[C]ommunications relating to the performance of a contract themselves are insufficient to establish minimum contacts."). Moreover, there are no allegations or any evidence to suggest the parties entered into a long-term contract requiring prolonged performance between the parties or a contract contemplating significant involvement with the forum state. *See* Pl.'s Resp. at 2 (ECF No. 9) ("The parties contemplated that the in-person training would be performed on-site in Alabama at Talladega College and related school locations during the planned service window."); *Stuart,* 772 F.2d at 1194 ("[T]he agreement entered into by [the defendant] and the plaintiffs did not contemplate a long-term relationship with the kinds of continuing obligations and wide-reaching contacts envisioned by the *Burger King* contract.").

Further, in this case, "communications to Texas rested on nothing but the mere fortuity that [Plaintiff] happens to be a resident of the forum." *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 502 (5th Cir. 2022)

(cleaned up). As the Fifth Circuit held in *Moncrief Oil*, "'mere fortuity that one company happens to be a Texas resident . . . is not enough to confer jurisdiction.'" *Moncrief Oil*, 481 F.3d at 313; *see also Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum."). Here, Defendant's contacts with Texas, if any, are based on the mere fortuity that Plaintiff happens to live in Texas, thereby precluding the exercise of specific jurisdiction over Defendant. *See Moncrief Oil*, 481 F.3d at 313 (holding that "mere fortuity that one company happens to be a Texas resident, coupled with that company's unilateral performance, is not enough to confer jurisdiction"); *see also Garcia Hamilton & Assocs., L.P. v. RBC Cap. Markets, LLC*, 466 F. Supp. 3d 692, 703 (S.D. Tex. 2020) (concluding that defendant's "main contact with Texas . . . [was] based on the fortuity that [the plaintiff] happens to reside in Texas" where parties' communications, negotiations, and contract did not constitute activities "directed" at Texas). Therefore, the Court must grant Defendant's motion.

And the Court should also deny Plaintiff's request for jurisdictional discovery. Plaintiff seeks "limited jurisdictional discovery targeted to: (1) the individuals Defendant used to contact Plaintiff; (2) the negotiation and approval chain for the agreement; (3) payment authorizations and where payments were to be sent; (4) the locations where deliverables were requested, created, reviewed, and accepted; and (5) communications logs (email threads, calendar invites, and related documentation)." Pl.'s Resp. at 4 (ECF No. 9). Plaintiff has failed to identify

what information she expects to learn from discovery and how that information would support personal jurisdiction. *Kelly,* 213 F.3d at 855; *Nat'l Surety Corp. v. Ferguson Enterprises, Inc.,* 2014 WL 5472436, at *1 (N.D. Tex. Oct. 29, 2014) (Lynn, J.) ("A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction."). For the reasons previously discussed, the lack of personal jurisdiction is clear, and discovery would serve no purpose. Therefore, the Court should deny Plaintiff's request for jurisdictional discovery.

### *Recommendation*

For the reasons stated above, the Court should GRANT Defendant's Rule 12(b)(2) motion and dismiss Plaintiff's claims without prejudice for lack of personal jurisdiction. Further, the Court should DENY Plaintiff's request for jurisdictional discovery.

**SIGNED** June 10, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which

objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).